FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DONALD RAY WRIGHT,

Movant,

-vs-

UNITED STATES OF AMERICA,

Respondent.

No.    2:13-CR-0008-WFN-41

ORDER DENYING § 2255 MOTION

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence.  (ECF Nos. 4234 and 4400).  The Motion is submitted by Mr. Wright, who is appearing *pro se* in these proceedings.

## BACKGROUND

Mr. Wright was indicted in a multi-defendant Indictment on January 25, 2013, for conspiracy to distribute oxycodone hydrochloride and attempted possession with intent to distribute oxycodone hydrochloride.  Indictment, ECF No. 1.  Mr. Wright pled guilty to the conspiracy count. ECF No. 2071.  In his plea agreement, Mr. Wright stipulated and agreed that the facts were accurate. Plea Agreement, ECF No, 2071. The fact section details Mr. Wright's involvement in oxycodone distribution, including his cell phone contacts and conversations with several co-defendants related to Oxycontin trafficking as well as receipt of a packages containing Oxycontin. *Id* at 9 – 12.

## DISCUSSION

The statute provides that only if the Motion, file and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255(b).  The Rules

regarding Section 2255 Proceedings similarly state that the Court may summarily order dismissal of a 2255 motion without service upon the United States Attorney only "if it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

To gain relief, Mr. Wright must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Wright has met the first two requirements. Mr. Wright argues several grounds in support the third prong.

First, Mr. Wright argues that the Indictment was deficient because it allegedly fails to allege the drug type. This is inaccurate. The Indictment clearly lists the drug type as well as the form of the drug and cites to the pertinent statute. Indictment, ECF No. 1. (The Grand Jury Charges that Donald Wright agreed to commit "conspiracy to distribute a mixture or substance containing a detectable amount of oxycodone hydrochloride, an opiate and Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), specifically in the form of pills containing oxycodone hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), all in violation of 21 U.S.C. § 846.")

Second, Mr. Wright alleges he was improperly sentenced under §841(b)(1)(A) and subject to a mandatory minimum of 120 months. Again, this is inaccurate. According to Mr. Wright's judgment he was sentenced under § 841(b)(1)(C). Judgment, ECF No. 2615. The Statement of Reasons indicates that "no count of conviction carries a minimum sentence," but was subject to a guideline range of 292 – 365. ECF No. 2616. The guideline

range exceeds the statutory maximum, so the Court did not sentence Mr. Wright to a guideline range sentence, but instead imposed the parties' agreed sentence.

Third, Mr. Wright argues that his sentence was improper because it was enhanced based on drug quantity. Mr. Wright's guideline range was properly calculated based on the drug quantity, however; the Court did *not* enhance Mr. Wright's sentence, nor was Mr. Wright subject to a mandatory minimum sentence. Drug quantity need not be proven beyond a reasonable doubt for the purposes of Guideline calculations; quantity only needs to be proven by a preponderance of evidence. Drug quantity does need to be proven beyond a reasonable doubt if a defendant is subject to a statutory mandatory minimum. However, the type of drug Mr. Wright distributed does not trigger any mandatory minimum sentence regardless of the quantity. Therefore, the Government had no obligation to prove the drug quantity beyond a reasonable doubt.

Lastly, Mr. Wright argues his counsel was ineffective. He bases his allegation on counsel's failure to challenge factual information that he admitted in the Plea Agreement and her failure to challenge the sufficiency of the Indictment. Defense counsel could not have challenged factual information that Mr. Wright admitted to in the Plea Agreement. Further, as discussed in more detail above, the Indictment properly listed the drug type and the Indictment need not allege quantity for oxycodone hydrochloride, so defense counsel's representation as to those issues was not ineffective.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus a certificate of appealability should not issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed February 6, 2017, **ECF No. 4234**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:17-CV-0052-WFN.

**DATED** this 15th day of October, 2018.

10-11-18

_____s/ Wm. Fremming Nielsen_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER ON § 2255 MOTION - 4